**KAPLOW v STATE**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12441.  Decided Jan 16, 1933

Cline & Patterson, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, and Thomas A. Burke, Jr., Cleveland, for defendant in error.

GARVER, PJ, LEMERT and SHERICK, JJ, (5th Dist), sitting.

GARVER, PJ.

The principal grounds of error argued in defendant's brief are that there was error in the charge of the court and the verdict was against the weight of the evidence. There was no jury, and no charge of the court, so that there is no use arguing that further.

The evidence in this case is circumstantial, as this fire took place in the darkness of the night, as often happens in prosecutions for arson. The undisputed evidence shows that defendant and his porter, one Frederick Godfrey, left defendant's place of business about 12:30 o'clock; that Mr. Godfrey had locked the rear door and the side door of the barber shop, and also bolted both of them from the inside, so that they could not be opened from the outside, and that he had locked the front door and that only the defendant and Mr. Godfrey had keys for the front door; that about three o'clock A. M., there was an explosion followed by a fire, and that the next day the Fire Chief found in the basement of the building a wooden container filled with towels which had a distinct odor of gasoline, and that he also found an electric toaster on the floor of the beauty parlor in the rear of the barber shop, and some wires which had the appearance of being burned off. He also found on the first floor of the barber shop some hoops and other remnants of three barrels, and that the rear door had been unlocked and there was no key in it. The inference from the above would be that some person entered the front door, arranged the toaster, wires and gasoline, and left by the rear door.

The defendant denied all knowledge of the fact that a toaster was in the barber shop, and all knowledge of anything that might in any way have caused the fire. From all the evidence, and the verdict, the trial court believed the witnesses for the State and did not believe that the evidence of defendant and his witnesses supported any presumption that some person other than defendant was connected with the burning of the building. The trial judge saw the witnesses and observed their demeanor on the witness stand, and if he saw fit to believe the testimony of the witnesses for the State and disbelieve the testimony of the witnesses for the defendant, and by that process reached the conclusion beyond a reasonable doubt, that the accused was guilty, he was in a better position than this court is to determine what testimony was true and what was not true. The evidence, even in cold type, satisfies this reviewing court, beyond a reasonable doubt, that defendant was guilty, and, even if it did not so find, it would not be proper for us to substitute our judgment for the judgment of the trial court.

Breese v State of Ohio, 8 Oh St 146, which has been cited in many other cases, and has been unreversed, still stands as the law in Ohio.

We find no other prejudicial error in the record, and the judgment is therefore affirmed at the cost of plaintiff in error. Exceptions may be noted.

LEMERT and SHERICK, JJ, concur in judgment.